UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. MORENO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-01631-AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, and deny the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on February 22, 2012, and for supplemental security income on the same day. Administrative Record ("AR") 203-15.[2] The disability onset date for both applications was alleged to be January 1, 2009. AR 154. The applications were disapproved initially and on reconsideration. AR 158-176. On October 14, 2015, ALJ Lawrence J. Duran presided over the video hearing on plaintiff's challenge to the disapprovals. AR 54-95 (transcript). Plaintiff was present and testified at the hearing. AR 56. Plaintiff was represented by attorney Peter Brixie at the hearing. AR 11. Impartial Vocational Expert Susan L. Creighton-Clavel also testified at the hearing. Id.

On November 16, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 11-22 (decision), 23-27 (exhibit list). On June 9, 2017, after receiving counsel's Representative Brief and request for review of hearing as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision).

Plaintiff filed this action on August 6, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 20 (Commissioner's summary judgment motion), 21 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1957, and accordingly was 51 years old on the alleged disability onset date, making him a "person closely approaching advanced age" under the regulations. AR 230; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and can communicate in English. AR 241-42.

---

[2] The AR is electronically filed at ECF Nos. 12-3 to 12-17 (AR 1 to AR 1070).

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error,

which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not,

the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.
>
> 2. [Step 1] The claimant engaged in substantial gainful activity during the following periods: January of 2009 through April of 2010 (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 1, continued] However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.
>
> 4. [Step 2] The claimant has the following severe impairments: right shoulder AC joint degenerative joint disease, cervical degenerative disc disease at C4-6, mild facet arthropathy at L5-S1, lumbar degenerative disc disease with spondylosis, diabetes mellitus with neuropathy, hyperlipidemia, hypertension, major depressive disorder, posttraumatic stress disorder versus malingering, drug-induced hallucinations versus psychotic disorder, chronic methamphetamine dependence, and personality disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 5. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 6. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can stand and/or walk for two hours in an eight-hour workday, and he can occasionally stoop, kneel, and crouch. The claimant can

5

> rarely climb stairs, but he can never climb ladders, ropes, or scaffolds. The claimant can frequently reach, handle, and finger, but he cannot perform fast-paced work. The claimant cannot intensely concentrate for more than one hour without a five-minute change in focus. The claimant can occasionally interact with coworkers, supervisors, and the public, and he may be absent or off task five percent of the time.
>
> 7. [Step 4] The claimant is capable of performing past relevant work as a house manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 8. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 11-22.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 22.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to properly resolve conflict between medical opinions; (2) discounting plaintiff's subjective testimony without clear and convincing reasons; (3) failing to support the RFC determination with substantial evidence; and (4) improper use of vocational expert testimony and failing to include all imitations in hypotheticals. ECF No. 17-1.

### A. The ALJ Erred Regarding Medical Opinions

Plaintiff first contends that the ALJ erred by disregarding, without explanation, opinions of severe limitation by consultative examining physician Dr. Clifford Straehley and treating physician Dr. Nevilla Manzan. ECF No. 17-1 at 19. Plaintiff also argues the ALJ failed to resolve conflicting testimony between these two physicians and state agency consultant Dr. Harvey Bilik. Id. at 20. Finally, plaintiff contends the ALJ erred by failing to resolve a conflict of opinion between consultative examiner Dr. Julian Espino and state agency consultant Dr. S. Hanna with regards to plaintiff's capacity for fine and gross motor movement. Id. The court agrees the ALJ erred in his treatment of the medical opinions.

6

"Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted). "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

Here, with respect to Dr. Straehley, the ALJ's analysis is incomplete because he failed to assign the opinion any particular weight, mentioning only that Dr. Straehley's assessment of a GAF score could not be afforded significant weight. AR 20. The ALJ selectively mentioned mostly demographic information obtained by Dr. Straehley (plaintiff's honorable discharge from the Army, time in jail, etc.), but failed to address Dr. Straehley's own findings regarding plaintiff's limitations. Id. For example, Dr. Straehley's findings that plaintiff would have "severe difficulty responding appropriately to coworkers, supervisors, and the public" and "severe difficulty with concentration, persistence and pace" went unmentioned. AR 675. It is true that the ALJ may afford different weights to different portions of an opinion, Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989), however, it is also true that an ALJ may not cherry pick portions of a physician's opinion to support his conclusion while ignoring contradictory, probative information in the same opinion. Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014). Because the ALJ failed to assign any weight to Dr. Straehley's opinion and mentioned

7

only selective portions of his findings, the ALJ erred.

With respect to treating physician Manzan, the ALJ states that the opinion was given "significant weight" and that Dr. Manzan "opined the claimant had poor abilities in several functional areas related to social functioning and to maintaining concentration, persistence, or pace." AR 21, 1069-70. The ALJ also assigns "significant weight" to the opinion of consultant Dr. Bilik, who opined plaintiff has only moderate limitations in social functioning and in maintaining concentration, persistence, or pace. AR 20, 130-131. However, Dr. Bilik's opinion is inconsistent with the opinions of both Dr. Manzan, a treating physician, and Dr. Straehley. The ALJ expressly assigned "significant weight" to Dr. Manzan and Dr. Bilik, but did not resolve the conflict between their opinions, as was his duty. Winans, 853 F.2d 647. For this reason, the ALJ erred.

Finally, the ALJ erred in failing to resolve a conflict between consultative examiners Dr. Espino and Dr. Hanna, both of whom were given significant weight. AR 21. Dr. Hanna opined that plaintiff had "unlimited" capacity of reaching, handling and fingering (AR 128); Dr. Espino opined that plaintiff could perform fine and gross motor movements "occasionally" (AR 682). The Commissioner argues that the ALJ accounted for the difference by finding in his RFC assessment that plaintiff could "frequently" reach, handle, and finger, but could not perform fast paced work. AR 16, ECF No. 20 at 14-15. The terms "occasionally," and "frequently" are terms of art in the context of social security, with frequently defined as "occurring one-third to two-thirds of the time" and occasionally defined as "very little up to one-third of the time." SSR 83-10. The ALJ appears, without explanation, to have attempted split the difference between the opinions of Dr. Hanna and Dr. Espino. It is the ALJ's province to resolve conflicts in testimony, but it is unclear exactly how this conflict was resolved. Winans, 853 F.2d 647. For this reason, the ALJ erred.

B. The ALJ Improperly Discounted Plaintiff's Subjective Testimony

The ALJ erred in his treatment of plaintiff's subjective testimony, and remand for further development of the record is required. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process: First, the ALJ must "determine whether the claimant has

8

presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

The ALJ relies solely on plaintiff's activities of daily living to discount his subjective testimony. AR 18. Plaintiff's relatively minimal activities of daily living do not contradict his testimony regarding his limitations. Disability does not require plaintiff to "vegetate in a dark room excluded from all forms of human and social activity." Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (internal citations omitted). The Ninth Circuit has repeatedly "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). The minimal activities of daily living the ALJ relies on, including attending to personal hygiene, preparing simple meals, cleaning, laundry, using public transportation, and shopping, do not clearly contradict plaintiff's testimony regarding his limitations. AR 17-18, 246-256. A full review of plaintiff's adult function report indicates that while he can complete certain self-care tasks, they are minimal; for example, he prepares "convenience" meals once a day that take about 2 minutes to prepare. AR 250. Plaintiff shops only once a month. AR 251. The ALJ's use of plaintiff's somewhat minimal activities of daily living to discredit his testimony is not well supported, and requires

remand for further consideration.

### C. Plaintiff's Challenges to the RFC and Vocational Expert

In light of the above conclusions, the court need not address plaintiff's remaining contentions: (1) that substantial evidence does not support the ALJ's finding that plaintiff could perform "light work," and (2) that the ALJ improperly used the Vocational Expert's testimony regarding plaintiff's ability to perform past work, in light of Dr. Straehley and Manzano's testimony regarding social contact. The ALJ's re-assessment of the medical opinion testimony on remand will necessarily impact the RFC, and will also require the ALJ to reconsider the VE's testimony and ensure it is used congruently with his findings on the medical opinion evidence. Accordingly, the court declines to address plaintiff's other contentions related to the RFC and VE in this order.

### D. Remand for Benefits or for Further Proceedings

As discussed above, the ALJ erred discounting plaintiff's subjective testimony and improperly resolving medical opinion evidence for the reasons provided. The errors were not harmless, because crediting plaintiff's subjective testimony and properly addressing the medical opinions could result in a finding of non-disability. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Here, further factual development is needed to determine if and to what extent plaintiff's subjective testimony should be credited, how the various medical opinions discussed above should be properly addressed, and what the impact of these changes would be on the determination of disability. For these reasons, the matter is reversed and remanded to the Commissioner for further factual development.

////

////

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 17, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE